

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 22, 1969

Hon. Ralph M. Hall                     Opinion No. M- 400
Chairman, County, District and
   Urban Affairs Committee
Senate, State of Texas
Austin, Texas                          Re:  Certain questions
                                        relating to the crea-
                                        tion and authorization
                                        of the South Eastland
                                        County Hospital District
                                        as contained in proposed
Dear Senator Hall:                     H.B. 1214.

      Reference is made to your letter in which you pro-
pounded three questions relating to H.B. 1214, 61st Legis-
lature, 1969, Regular Session, creating the "South East-
land County Hospital District," with a copy of said Bill
attached.  We quote these questions:

      "(1.)  What restrictions, if any, are
there under the Constitution and Statutes of
the State of Texas governing the authorization
and creation of such a hospital district (pro-
posed under the provisions of Article IX, Section
9, of the Constitution of the State of Texas)
whereby a <u>particular area can or must be included</u>
in such proposed hospital district <u>contrary</u> to
the desires of the voters owning taxable property
<u>within such a particular area</u>? . . . (Emphasis
supplied.)

      "(2.)  What provisions, if any, are there under
the Constitution and Statutes of the State of Texas
whereby taxpayer-voters in those portions of the
respective school districts can hold separate elections

on the same day and be governed by a
majority vote in each portion of the said
school district to determine whether or not
the particular area will be included in the
proposed hospital district?

"(3.)   If the Bill is enacted as proposed
what provisions, if any, are there in the
Constitution and Statutes of the State of Texas,
whereby taxpayer-voters in those portions of
the respective school districts can hold
separate elections on the same day and be
governed by the majority vote in each portion
of said school district to determine whether
or not the respective portion of the particular
school districts will be included in the created
hospital district?"

Article IX, Section 9, of the Texas Constitution,
under which H.B. 1214 is proposed, provides, in part:

"Sec. 9.   The Legislature may by law
provide for the creation, establishment, main-
tenance and operation of hospital districts
composed of one or more counties or all or any
part of one or more counties with power to issue
bonds for the purchase, construction, acquisition,
repair or renovation of buildings and improvements
and equipping same, for hospital purposes; . . .
providing that such district shall not be
created or such tax authorized unless approved by
a majority of the qualified property taxpaying
electors thereof voting at an election called for
the purpose; . . .

"Provided, however, that no district shall
be created except by act of the Legislature and
then only after thirty (30) days' public notice

to the district affected, and in no event
may the Legislature provide for a district
to be created without the affirmative vote
of a majority of the taxpaying voters in
the district concerned." (Emphasis supplied.)

H. B. 1214 relates to the creation, administration,
powers, duties, and financing of the "South Eastland County
Hospital District" of Eastland and Comanche Counties. Section
1 authorizes the creation of the district under the provisions
of Article IX, Section 9, Constitution of the State of Texas,
"over a part of Eastland and Comanche Counties . . . with such
rights, powers, and duties as provided in this Act, . . ."
It then sets out a description of the limits of the district
by metes and bounds. Section 2 defines the purpose of the
district, which is immaterial to our holding. Section 3 is
the key provision, as it provides for the creation and authori-
zation of the district, the basic portions of which are quoted,
in part:

"Sec. 3. ELECTION TO CREATE DISTRICT.

"(a) The district shall not be created,
nor shall any tax therein be authorized unless
and until such creation and such tax are approved
by a majority of the qualified property taxpaying
electors of the area or areas of the proposed district
voting at an election called for such purpose in
accordance with this Act.

". . . In the event the commissioners court
of a county named herein shall elect to call an
election for a creation of the district, and the
commissioners court of the other county shall not
so elect, then all the terms and provisions of this
Act shall be deemed to apply, and the same shall only
apply, to the areas of the county in which the district
is so created.

". . .

"(c) The commissioners courts of Eastland
and Comanche counties may in the election order
specify a procedure by which the proposed district
is confirmed and the tax authorized by areas, as
designated herein, within the metes and bounds of
the proposed hospital district as described in
Section 1 of this Act, or the two commissioners
courts may choose to submit the election proposal
to the entire district for confirmation.  For
purposes of confirmation of the district and
authorization of the tax, the proposed hospital
district may be divided into the following three
areas: (1) that portion of the Carbon Independent
School District, as those school district boundaries
are set on the effective date of this Act, within
the proposed hospital district (2) that portion of
the Desdemona Independent School District, as those
school district boundaries on the effective date of
this Act, within the proposed hospital district, and
(3) the remaining portion of the proposed hospital
district not included in either of the aforementioned
areas.  Only those areas, as described herein, in
which a majority of the qualified property taxpaying
electors vote in favor of the proposition to create
a hospital district shall be included in the confirmed
hospital district, provided that the areas confirming
the hospital district shall be contiguous  in nature.
In the event the commissioners courts of Eastland and
Comanche counties choose to submit the election proposition
to the entire district as described, a majority of the
qualified tax paying electors voting at said election in
favor of the proposition shall be sufficient for con-
firmation of the entire district.  (Emphasis supplied.)

"(e) Within 10 days after such election
is held, the commissioners court of each county
in which the election for creation of the district
is held shall convene and canvass the returns of
the election, and the majority of the qualified
property taxpaying electors voting at said election
vote in favor of the proposition, they shall so
find and declare the hospital district established
and created in said county and designate the areas
in which the hospital district is created in said
county. Any area, described herein, not voting
to create the district shall not be restricted
from joining the district at another date provided
that. . . ."

It is our opinion that your first question may
be answered by reference to the first-quoted clause of
Section 9 of Article IX of the Constitution. The Legislature
is empowered to create hospital districts composed of "one
or more counties or all or any part of one or more counties."
Within this limitation, coupled with Legislative discretion
and prerogative, the Legislature may define the boundaries
of a particular district, including areas therein who may
be opposed to its creation. Redress is offered the opposition
through voting at the authorization election that must be
held in order for the district to be created, in accord with
the same Section of the Texas Constitution.

Your second and third questions may also be answered
by the quoted section of the Texas Constitution, which provides
"that in no event may the Legislature provide for a district to
be created without the affirmative vote of a majority of the
taxpaying voters in the district concerned." Since H.B. 1214
defines the limits of the district in Section 1, it is our
opinion that an affirmative vote of a majority of the taxpaying
voters within the entire area defined in Section 1 is necessary

under the Texas Constitution. Insofar as H.B. 1214 allows a method of creation of a district other than that prescribed in Section 9 of Article IX, that is, by permitting acceptance or rejection thereof by particular areas within the district, we hold H. B. 1214 to be unconstitutional.

## S U M M A R Y

The Legislature is bound only by the provision of Article IX, Section 9, Texas Constitution, in defining boundaries of hospital districts created thereunder. House Bill 1214, as written, is unconstitutional, insofar as it permits a method of creation of the district other than that prescribed in Section 9 of Article IX, Constitution of Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Donald Cummings
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice Chairman
Bill Allen
Bill Corbusier
Bob Crouch
Jim Swearingen

W. V. Geppert
Staff Legal Assistant
Hawthorne Phillips
Executive Assistant